East'n. District.
*May* 1825.

## SAULET vs. DREUX'S SYNDICS.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff seeks to be relieved from the payment of two notes, which he gave to the defendants, for the purchase of a slave of the insolvent, purchased at sale made by the defendants, on account of the illegality of the sale. The general issue was pleaded; there was judgment for the defendants and the plaintiff appealed.

A judgment, reversing that by which a syndic was appointed, does not avoid acts done by him in the meanwhile.

The law has not fixed the number of days during which the sale of an insolvent's goods is to be advertised.

The facts of the case are as follows.

Wiltz & Ferrier, having applied for the homologation of the proceedings of the meeting of the insolvent's creditors, at which they alleged they were duly appointed syndics, J. Dreux, an hypothecary creditor, opposed the homologation, alleging that Wiltz and he were legally appointed syndics, and not Wiltz and Ferrier. He succeeded in his opposition, and the court declared Wiltz and him the legal syndics, on the 31st of May, 1823.

East'n. Distrtic.
May 1825.

SAULET
vs.
DREUX'S SYN-
DICS.

On their petition, the court ordered a sale of the property, to take place on the 9th of July following. Ferrier appealed, but gave security for the costs only.

On the 9th of July, Bouthemy's heirs obtained an injunction for staying the sale, but it was dissolved on the 12th, and on the petition of Wiltz & Dreux, the sale was ordered to take place on the 26th.

Bouthemy's heirs appealed from the judgment setting the injunction aside.

The sale took place on the 26th, when the plaintiff purchased the slave.

The heirs of Bouthemy failed in their appeal, and Ferrier succeeded in his appeal, the supreme court declaring Wiltz and him the legal syndics.

On these facts the plaintiff's counsel urges:

1. That J. Dreux never was a syndic, the decree of the inferior court, who declared him such, having been reversed.

2. That Ferrier's appeal suspended the execution of the decree of the inferior court.

3. That the first order of sale was void, being given before the decree, declaring the appointment of the syndics, was signed.

4. That the second order did not authorise

the sale, as it ordered it in so short time, that thirty days notice could not be given.

East'n. District
*May* 1825.

SAULET
*vs.*
DREUX'S SYN-
DICS.

5. The injunction of Bouthemy's heirs suspended the sale.

I. The judgment of this court, reversing that by which J. Dreux was declared syndic, cannot have any retrospective effect, so as to vitiate acts done by him in the mean while.

II. Ferriet having given security for costs only, his appeal was not suspensive, but devolutive.

III. As no sale took place under the first order, it is useless to enquire into its legality.

IV. No law is cited, and none is recollected, which fixes the number of days during which the estate of a bankrupt is to be advertised. In directing the second sale, the court might consider the previous notice already given.

V. The order, under which the property was offered for sale, was posterior to the injunction: and was perhaps given on the consideration of subsequent facts. It was not opposed, or if it was, no appeal was taken from the opinion of the court, overruling the opposition.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

East'n. District,
*May* 1825.

SAULET
*vs.*
DREUX'S SYN-
DICS.

A synallagma-
tic contract, not
made in as many
originals, as
there are parties,
may be used as
a beginning of
proof.

*A fortiori,*
when it is so
made, but the
mention of this
circumstance is
omitted.

*Trabuc* for the plaintiff, *Morel* for the defendants.